Eric M. Poulin
CA State Bar No. 298476
Roy T. Willey, IV (*Pro Hac Vice Admission Pending*)
Anastopoulo Law Firm
32 Ann Street
Charleston, SC 29403
(843) 614-8888

-and-

John C. Bohren
CA State Bar No. 295292
Bohren Law
501 W. Broadway Suite 800
San Diego CA 92101
(619) 433-2803

**Attorneys for Plaintiff**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| HELEN RIFAT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY,<br><br>Defendant. | Civil Action No. _____<br><br>**ORIGINAL CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Helen Rifat ("Plaintiff") by and through undersigned counsel, brings this action against Board of Trustees of the California State University ("Defendant" or the "University") on behalf of herself and all others similarly situated, and makes the following allegations based upon information, attorney investigation and belief, and upon Plaintiff's own knowledge:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this case as a result of Defendant's decision to close campus, constructively

evict students, and transition all classes to an online/remote format as a result of the Novel Coronavirus Disease ("COVID-19").

2. While closing campus and transitioning to online classes was the right thing for Defendant to do, this decision deprived Plaintiff and the other members of the Classes from recognizing the benefits of in-person instruction, access to campus facilities, student activities, and other benefits and services in exchange for which they had already paid fees and tuition.

3. Defendant has either refused to provide reimbursement for the tuition, fees and other costs for services that Defendant is no longer providing, or has provided inadequate and/or arbitrary reimbursement that does not fully compensate Plaintiff and members of the Classes for their loss.

4. This action seeks refunds of the amount Plaintiff and other members of the Classes are owed on a pro-rata basis, together with other damages as pled herein.

5. Plaintiff is not suing to recover monies paid by taxes to the University or to recover funds from the state coffers; rather, Plaintiff files suit against the Board of Trustees of the California State University, a corporate body that may be sued, for specific disgorgement of fees and monies paid by students and their parents, guardians, and families for services not received.

**PARTIES**

6. The California State University System is the nation's largest higher education system, consisting of 23 campuses throughout the State of California.

7. The Board of Trustees of the California State University was established in 1960 and vested by the State Legislature with the exclusive control over the affairs of the University, including the power to set tuition and fee rates, and the power to sue and be sued.

8. Upon information and belief, Defendant has an estimated endowment of approximately

$1.82 Billion.[1]

9. Moreover, upon information and belief, Defendant is eligible to receive federal stimulus under the CARES Act. The Act directs that approximately $14 billion be distributed to colleges and universities based upon enrollment and requires that institutions must use at least half of the funds they receive to provide emergency financial aid grants to students for expenses related to the disruption of campus operations due to COVID-19.

10. Plaintiff is an individual and a resident and citizen of California.

11. Plaintiff is currently enrolled as a full-time student in Defendant's undergraduate program, studying pre-veterinary science at Defendant's San Luis Obispo campus.

12. Plaintiff has paid substantial tuition for the Spring 2020 semester either out of pocket or by utilizing student loan financing, or otherwise.

13. There are hundreds, if not thousands, of institutions of higher learning in this country.

14. Some institutions of higher learning provide curriculum and instruction that is offered on a remote basis through online programming which do not provide for physical attendance by the students.

15. Defendant's institution offers in person, hands on curriculum.

16. Plaintiff and members of the Proposed Tuition Class did not choose to attend another institution of higher learning, or to seek an online degree, but instead chose to attend Defendant's institution and enroll on an in-person basis.

17. Tuition for in person instruction at Defendant's institution covers not just the academic instruction, but encompasses an entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;

---

[1] https://www2.calstate.edu/impact-of-the-csu/student-success/philanthropic-support/Pages/Overview.aspx

- Access to facilities such as computer labs, study rooms, laboratories, libraries, etc;
- Student governance and student unions;
- Extra-curricular activities, groups, intramurals, etc;
- Student art, cultures, and other activities;
- Social development and independence;
- Hands on learning and experimentation; and
- Networking and mentorship opportunities.

18. Moreover, common sense would dictate that the level and quality of instruction an educator can provide through an online format is lower than the level and quality of instruction that can be provided in person.

19. Plaintiff's education has changed from in-person hands on learning to online instruction.

20. Plaintiff's online instruction is not commensurate with the same classes being taught in person.

21. Indeed, upon information and belief, many of Defendant's professors have opted to upload pre-recorded lectures as opposed to holding live online sessions, and some professors have stopped lecturing altogether, instead posting "assignments" and essentially transitioning those classes to self-study classes.

22. Plaintiff and members of the Tuition Class did not pay tuition in order to download reading assignments from the internet and teach themselves the material. They could have done that on their own.

23. Instead, Plaintiff's and members of the Tuition Class paid for face time with distinguished professors, together with the other on-campus student experiences referenced above.

24. In addition to tuition, Plaintiff was required to and did pay certain mandatory fees.

25. Defendant charges mandatory fees across all campuses as follows:[2]

- Health Facilities Fee;[3]
- Health Services Fee;
- Instructionally Related Activities Fee;[4]
- Materials, Services, and Facilities Fee;[5]
- Student Success Fee;[6]
- Student Association Fee; and
- Student Center Fee.

26. As a result of being instructed to leave campus, Plaintiff no longer has the benefit of the services for which these fees have been paid.

## JURISDICTION AND VENUE

27. This Court has personal jurisdiction over Defendant because Defendant is corporate body domiciled in California and conducts business in California.

28. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Defendant is headquartered in and does business in this District.

## FACTUAL ALLEGATIONS

29. As COVID-19 began to spread rapidly across certain parts of the United States, Governor Newsom signed an executive order on March 19, 2020, requiring all Californians shelter in place in their homes, except as necessary to maintain critical industries.[7]

---

[2] https://www2.calstate.edu/attend/paying-for-college/csu-costs/tuition-and-fees/campus-mandatory-fees
[3] This fee is not charged for the Monterey Bay Campus.
[4] This fee is not charged at the San Jose Campus.
[5] This fee is not charged at the Pomona or Sacramento Campuses.
[6] This fee is only charged at the Dominguez Hills, East Bay, Fullerton, Long Beach, Los Angeles, Northridge, Pomona, San Bernardino, San Diego, San Jose, San Luis Obispo, and San Marcos Campuses.
[7] Executive Department, State of California, Executive Order N-33-20

30. During this time, Defendant made the decision to cancel in person classes across its various campuses and transition to online learning.

31. Defendant encouraged, and later required, most students to vacate campus housing for the remainder of the Spring 2020 semester.

32. Most of Defendant's on-campus activities, student activities and events, and athletic events were cancelled.

33. Defendant also closed most "non-essential" campus facilities, including fitness centers, student centers, libraries, and other campus facilities.

34. As a result, Plaintiff and members of the Fees class have been and will continue to be deprived of the benefits and access for which they had already bargained and paid in the way of mandatory student fees.

35. However, Defendant has refused and continues to refuse to refund or discount any pro-rated portion of these fees.

36. Likewise, although Defendant is still offering some level of academic instruction via online classes, Plaintiff and members of the proposed Tuition Class have been and will be deprived of the benefits of on campus learning as set forth more fully above.

37. Moreover, the value of any degree issued on the basis of online classes will be diminished for the rest of their lives.

38. However, Defendant has refused and continues to refuse to offer any pro-rated discounts or refunds on Spring 2020 tuition.

**CLASS ACTION ALLEGATIONS**

39. Plaintiff brings this action on behalf of herself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Classes:

**The Tuition Class:**

All people who paid tuition for or on behalf of students enrolled in classes at the University for the Spring 2020 semester who were denied live in-person instruction and forced to use online distance learning platforms for the latter portion of that semester.

**The Fees Class:**

All people who paid fees for or on behalf of students enrolled in classes at the University for the Spring 2020 semester.

40. Excluded from the Classes are The Board of Trustees of the California State University and any of their respective members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; and the judicial officers, and their immediate family members, and Court staff assigned to this case. Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

41. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

42. This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

### Numerosity: Fed. R. Civ. P. 23(a)(1)

43. The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. Plaintiff is informed and believes there are thousands of members of the Class, the precise number being unknown to Plaintiff, but such number being ascertainable from Defendant's records. Upon information and belief, enrollment at Defendant's University exceeds 450,000 students. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published

notice.

**Commonality and Predominance: Fed. R. Civ. P. 23(a)(2)**

44. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

- Whether Defendant engaged in the conduct alleged herein;
- Whether there is a difference in value between online distance learning and live in-person instruction;
- Whether Defendant breached its contracts with Plaintiff and the other members of the Tuition Class by retaining the portion of their tuition representing the difference between the value of online distance learning and live in-person instruction;
- Whether Defendant was unjustly enriched by retaining tuition payments of Plaintiff and the Tuition Class representing the difference between the value of online distance learning and live in-person instruction;
- Whether Defendant breached its contracts with Plaintiff and the other members of the Fees Class by retaining fees without providing the services the fees were intended to cover;
- Whether Defendant was unjustly enriched by retaining fees of Plaintiff and the other members of the Fees Class without providing the services the fees were intended to cover;
- Whether certification of any or all of the classes proposed herein is appropriate under Fed. R. Civ. P. 23;
- Whether Class members are entitled to declaratory, equitable, or injunctive relief, and/or other relief; and
- The amount and nature of relief to be awarded to Plaintiff and the other Class

members.

### Typicality: Fed. R. Civ. P. 23(a)(3)

45. Plaintiff's claim is typical of the other Class member's claims because, among other things, all Class members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.

### Adequacy: Fed. R. Civ. P. 23(a)(4)

46. Plaintiff is an adequate Class representative because her interests do not conflict with the interests of other members of the Class he seeks to represent. Plaintiff has retained counsel competent and experienced in complex litigation; and Plaintiff intends to prosecute the action vigorously. The Class's interests will be fairly and adequately protected by Plaintiff and her counsel.

### Superiority: Fed. R. Civ. P. 23(b)(3)

47. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct.

48. Even if Class members could afford individual litigation, the Court system likely could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, comprehensive supervision by a single court, and finality of

the litigation.

**Certification of Specific Issues: Fed. R. Civ. P. 23(c)(4)**

49. To the extent that a Class does not meet the requirements of Rules 23(b)(2) or (b)(3), Plaintiff seeks the certification of issues that will drive the litigation toward resolution.

**Declaratory and Injunctive Relief: Fed. R. Civ. P. 23(b)(2)**

50. The University has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described herein, with respect to the Class members as a whole.

**FOR A FIRST COLLECTIVE CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Plaintiff and Other Members of the Tuition Class)**

51. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

52. Plaintiff brings this count on behalf of herself and other members of the Tuition Class.

53. Plaintiff and the Tuition Class entered into contracts with the University which provided that Plaintiff and other members of the Tuition Class would pay tuition for or on behalf of students and, in exchange, the University would provide live in-person instruction in a physical classroom.

54. Plaintiff and other members of the Tuition Class fulfilled their end of the bargain when they paid tuition for the Spring 2020 semester either out-of-pocket or by using student loan financing, or otherwise.

55. The University breached the contract with Plaintiff and the Tuition Class by moving all classes for the Spring 2020 semester to online distance learning platforms, without reducing or refunding tuition accordingly.

56. The University retained tuition monies paid by Plaintiff and other members of the Tuition Class, without providing them the full benefit of their bargain.

57. Plaintiff and other members of the Tuition Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the value of the services the tuition was intended to cover, namely live in-person instruction in a physical classroom.

58. As a direct and proximate result of Defendant's breach, Plaintiff and the Tuition Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the difference between the value of the online learning which is being provided versus the value of the live in-person instruction in a physical classroom that was contracted for.

**FOR A SECOND COLLECTIVE CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(Plaintiff and Other Members of the Tuition Class)**

59. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

60. This claim is pled in the alternative to, and to the extent it is determined a contract does not exist or otherwise apply to, the contract-based claim set forth in the First Cause of Action above.

61. Plaintiff brings this count on behalf of herself and other members of the Tuition Class.

62. The University has received a benefit at the expense of Plaintiff and other members of the Tuition Class to which it is not entitled.

63. Plaintiff and other members of the Tuition Class paid substantial tuition for live in-person instruction in physical classrooms and did not receive the full benefit of the bargain.

64. Plaintiff and other members of the Tuition Class conferred this benefit on Defendant when they paid the tuition.

65. Defendant has realized this benefit by accepting such payment.

66. Defendant has retained this benefit, even though Defendant has failed to provide the services

for which the tuition was collected, making Defendant's retention unjust under the circumstances.

67. Equity and good conscience requires that the University return a portion of the monies paid in tuition to Plaintiff and other members of the Tuition Class.

68. Defendant should be required to disgorge this unjust enrichment.

### FOR A THIRD COLLECTIVE CAUSE OF ACTION
### BREACH OF CONTRACT
### (Plaintiff and Other Members of the Fees Class)

69. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

70. Plaintiff brings this count on behalf of herself and other members of the Fees Class.

71. Plaintiff and the Fees Class entered into contracts with the University which provided that Plaintiff and other members of the Fees Class would pay certain fees for or on behalf of students and, in exchange, the University would provide services related to those fees, such as access to student activities, athletics, wellness centers, libraries, etc.

72. Plaintiff and other members of the Fees Class fulfilled their end of the bargain when they paid these fees for the Spring 2020 semester either out-of-pocket or by using student loan financing, or otherwise.

73. The University breached the contract with Plaintiff and the Fees Class by moving all classes for the Spring 2020 semester to online distance learning platforms, constructively evicting students from campus, and closing most campus buildings and facilities.

74. The University retained fees paid by Plaintiff and other members of the Fees Class, without providing them the full benefit of their bargain.

75. Plaintiff and other members of the Fees Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the value of the benefits and services the fees were intended to cover.

76. As a direct and proximate result of Defendant's breach, Plaintiff and the Fees Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the pro-rata amount of fees that was collected but for which services were not provided.

### FOR A FOURTH COLLECTIVE CAUSE OF ACTION
### UNJUST ENRICHMENT
### (Plaintiff and Other Members of the Fees Class)

77. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

78. This claim is pled in the alternative to, and to the extent it is determined a contract does not exist or otherwise apply to, the contract-based claim set forth in the First Cause of Action above.

79. Plaintiff brings this count on behalf of herself and other members of the Fees Class.

80. The University has received a benefit at the expense of Plaintiff and other members of the Fees Class to which it is not entitled.

81. Plaintiff and other members of the Fees Class paid substantial student fees for on campus benefits and services and did not receive the full benefit of the bargain.

82. Plaintiff and other members of the Fees Class conferred this benefit on Defendant when they paid the fees.

83. Defendant has realized this benefit by accepting such payment.

84. Defendant has retained this benefit, even though Defendant has failed to provide the services for which the fees were collected, making Defendant's retention unjust under the circumstances.

85. Equity and good conscience requires that the University return a pro-rata portion of the monies paid in fees to Plaintiff and other members of the Fees Class.

86. Defendant should be required to disgorge this unjust enrichment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of members of the Classes, prays for judgment in their favor and against Defendant as follows:

a. Certifying the Classes as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

b. Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this action;

c. Declaring that Defendant has wrongfully kept monies paid for tuition and fees;

d. Requiring that Defendant disgorge amounts wrongfully obtained for tuition and fees;

e. Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from retaining the pro-rated, unused monies paid for tuition and fees;

f. Scheduling a trial by jury in this action;

g. Awarding Plaintiff's reasonable attorney's fees, costs and expenses, as permitted by law;

h. Awarding pre and post judgment interest on any amounts awarded, as permitted by law; and

i. Awarding such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

[signatures on following page]

Dated this 15th day of May, 2020

**ANASTOPOULO LAW FIRM, LLC**

　　/s/ Eric M. Poulin
Eric M. Poulin
CA State Bar No. 289476
Roy T. Willey, IV (*pro hac vice motion pending*)
32 Ann Street
Charleston, SC 29403
(843) 614-8888
eric@akimlawfirm.com
roy@akimlawfirm.com

　　　　-and-

**BOHREN LAW**

John C. Bohren
CA State Bar No. 295292
Bohren Law
501 W. Broadway Suite 800
San Diego CA 92101
(619) 433-2803

**ATTORNEYS FOR PLAINTIFF(S)**